IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:20-CV-415-BO

| | |
|---|---|
| RANDY PRICE, | ) |
|     Plaintiff, | ) |
| vs. | )    **O R D E R** |
| ANN JOO KIM and ILGWU DEATH BENEFIT FUND 3, | ) |
|     Defendants. | ) |

This matter is before the Court on *pro se* plaintiff's motion for judgment by default [DE 10]. For the following reasons, the motion for judgment by default is DENIED.

## BACKGROUND

*Pro se* plaintiff Randy Price commenced this action to obtain a death benefit from defendant ILGWU Death Benefit Fund 3 (Fund), which he alleges violated its fiduciary obligations pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1104(a), when defendant Fund denied his claim following the death of his mother. [DE 1]. Defendant Fund denied payment of his mother's benefit on the basis that "the claim was submitted after the time frame the Fund allows." *Id.* Defendant Fund's summary plan description states that legal process should be served on Ann Joo Kim, fund administrator, at an address in White Plains, New York. [DE 10]. Plaintiff filed the instant motion for entry of default on September 17, 2020 alleging the complaint and summons were served on defendants through certified mail at an address in White Plains, New York. *Id.*

Defendants initially believed that this mail was never delivered to defendant Fund because it had no receipt of the mailing and the mailing did not come to its attention. [DE 11]. However, defendants have since discovered that the summons and complaint were received on August 3, 2020 at the building in which defendant Fund's White Plains office is located, but they were forwarded to the Amalgamated Employee Benefits Administrators' (AEBA) retirement department mailroom for processing. *Id.* The AEBA's retirement department, staffed with approximately one-quarter of its employees due to government orders and other safeguards adopted in light of the COVID-19 pandemic, did not process the summons and complaint. *Id.* This error went undetected until defendant's investigation following the filing of the instant motion. *Id.* The complaint and summons have never been served on defendant Kim in her individual capacity. *Id.*

## DISCUSSION

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). The Fourth Circuit has taken an increasingly liberal view of avoiding defaults. *Cincinnati Ins. Co. v. NVR, Inc.*, No. 3:12cv706, 2012 U.S. Dist. LEXIS 182678 at *2 (W.D.N.C. Dec. 28, 2012). The law strongly disfavors motions for default. *Tazco, Inc. v. Dir., Office of Workers Comp. Program*, 895 F.2d 949, 950 (4th Cir. 1990) (citation omitted). When considering an entry of default, courts consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The harsh entry of default is not

2

Case 5:20-cv-00415-BO   Document 14   Filed 11/09/20   Page 2 of 3

proper if the mistake was inadvertent, quickly reconciled, and the opposing party suffered no prejudice. *Thompkins v. DOC*, No. 5:10-CT-3224-BO, 2012 WL 965956 at *10 (E.D.N.C. March 21, 2012).

Here, entry of default is not warranted. Accordingly, plaintiff's motion for default is denied. Defendant's mistake was inadvertent, it took immediate action upon actual notice, and plaintiff will suffer no prejudice by having its case resolved on the merits. Defendants acted promptly upon learning of the action, and they filed their answer within twenty-one days of receiving notice and two days prior to the plaintiff's filing of the instant motion for default. Defendants have no history of dilatory action with plaintiff. Furthermore, plaintiff cannot assert that he will be put in any worse position than he was prior to the filing or his motion for default. Finally, plaintiff has failed to establish proof of service to defendants. In his motion, plaintiff relies on his process server's affidavit, which only provides that the complaint and summons were "delivered to agent for final delivery." [DE 10]. However, proof to an intermediary that may ultimately effectuate final delivery, without further evidence of such final delivery, is insufficient. *See* N.C.G.S. § 1-75.10(a)(4). Plaintiff does not provide any evidence that he delivered a summons and complaint to defendant Kim in her personal capacity.

### CONCLUSION

For the forgoing reasons, plaintiff's motion for judgment by default [DE 10] is DENIED.

SO ORDERED, this the __5__ day of November, 2020.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:20-cv-00415-BO   Document 14   Filed 11/09/20   Page 3 of 3